Habt, J.
The facts in this case are not in dispute. The controversy arises out of the interpretation of such facts, as related to the assessment of the taxes. The question is whether the payments made to Taylor by the corporation in the years 1948 to 1951, inclusive, constituted income yield from investments or royalties as defined by Section 5323, General Code (Section 5701.06, Revised Code), or whether such payments were made to him as the purchase price on the sale of capital investments.
The term, “royalties,” had its origin in the designation of the payments made to a monarch or sovereign by his subjects for privileges granted by the former and enjoyed by the latter. Hence, in modern usage, the term signifies sums paid to the owner of a patent for its use or for the right to operate under it, and may also refer to the obligation giving rise to the right to such sums.
Clearly, the payments to Taylor by the corporation, under the original agreement, were income from royalties. However, under the contract of 1945, Taylor transferred his entire interest in the patents to the corporation and his ownership ceased. The payments under this contract could not be income from royalties but clearly represented the purchase price paid by the company, not for the use, but for the ownership of the patents in question. The nature of the contract constituted a sale of capital assets, and the sums received by Taylor represented installment payments of the consideration for the complete transfer of title.
*291 If a patent or copyright is a capital asset and it is sold or exchanged rather than licensed, the gain or loss is a capital gain or loss. This rule applies even though the consideration is in the form of periodic payments that are in many respects like royalties. Commissioner of Internal Revenue v. Hopkinson, 126 F. (2d), 406.
The remaining question is whether the patents as investments are subject to taxation measured by the payments to Taylor under the contract of 1945. The Tax Commissioner claims they are taxable as income-producing investments, under Sections 5323 and 5638, General Code (Sections 5701.06 and 5707.04, Revised Code).
Section 5323, General Code (120 Ohio Laws, 112), provided:
“The term ‘investments’ as used in this title, includes the following:
( t * # *
“Annuities, royalties and other contractual obligations for the periodical payment of money and all contractual * * * rights of a pecuniary nature whatsoever from which income is * * * derived * * *.
“All equitable interests, life or other limited estates and annuity interests in any investment hereinbefore described * *
Section 5638, General Code, provides in part:
“Annual taxes are hereby levied on the kinds and classes of intangible property, hereinafter enumerated * * * at the following rates, to wit:
“Investments, five per centum of income yield or of income as provided by Section 5372-2 of the General Code * *
The Tax Commissioner claims that, since the payments to Taylor were based on a percentage of net sales derived from the use of the patents, such payments were income from investments. The commissioner concedes that the conveyance of 1945 “did in *292 dicate an outright sale,” but claims that, inasmuch as the consideration was designated as a percentage of sales under the patents for the lifetime of Taylor and inasmuch as Taylor was dealing with his corporation, the whole transaction constituted a gift of a part interest in the patents and that such payments constituted income from taxable investments.
It is the opinion of this court that the contract of 1945 here under consideration constituted an outright sale of the patents, by reason of which Taylor ceased to have any interest in them, and that the payments were necessarily the consideration for such transfer and constituted the purchase payments for the sale of capital assets, and could not be income from taxable investments.
The decision of the Board of Tax Appeals is reversed.

Decision reversed.

Middleton, Taet, Zimmerman and Stewart, JJ., concur.
Lamneck, J., not participating.